UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20033-CR-GAYLES/LOUIS

THE UNITED STATES OF AMERICA

v.

JERRY VERNELUS,

   **Defendant**

_____/

## **ORDER**

   **THIS CAUSE** comes before the Court on Defendant Jerry Vernelus's Motion to Suppress

(the "Motion to Suppress"). [ECF No. 157]. The Court referred the Motion to Magistrate Judge

Lauren F. Louis pursuant to 28 U.S.C. § 636(b)(1)(B) for a Report and Recommendation. [ECF No.

158]. On March 4, 2024, following oral argument and an evidentiary hearing,[1] Judge Louis issued

a Report recommending that the Court grant the Motion to Suppress (the "Report"). [ECF No.

253]. On March 18, 2024, the government filed timely objections to the Report, [ECF No. 254],

and, on April 15, 2024, the Defendant responded to the government's objections. [ECF No. 260].

   On September 24, 2021, this Court heard argument on the Motion the Suppress and

objections to the Report, after which the Court directed the government to file a memorandum

identifying the evidence it obtained from the Defendant's phone that was also independently

obtained from other sources. [ECF No. 278]. The government filed its supplemental memorandum

on October 2, 2024, [ECF No. 281]; and the Defendant responded to the supplemental response

_____

[1] Judge Louis heard oral argument on the Motion on January 18, 2024, [ECF No. 235], and held an evidentiary hearing
on January 25, 2024. [ECF No. 239].

on October 22, 2024. [ECF No. 284]. As set forth below, the Court adopts the Report in part and

denies the Motion to Suppress.

## STANDARD

A district court may accept, reject, or modify a magistrate judge's report and

recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which

objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings

that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see*

*also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific

objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint*

*Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*,

208 F. App'x 781, 784 (11th Cir. 2006).

## ANALYSIS

The Defendant moved to suppress all evidence of access device fraud and personal

identification information ("PII") extracted from his phone pursuant to the state search warrant

issued on November 20, 2024 (the "State Warrant"). In her Report, the Magistrate Judge found

that (1) the State Warrant is unconstitutionally overbroad because it fails to sufficiently

particularize the scope of the authorized search;[2] (2) the good-faith exception did not apply; (3)

the inevitable discovery doctrine did not bar application of the exclusionary rule; and (4) the

independent source doctrine did not apply. [ECF No. 253]. After a *de novo* review of the record,

including the government's supplemental memorandum, the Court agrees with the Magistrate

Judge's findings that the State Warrant was unconstitutionally overbroad and that the good-faith

---

[2] The State Warrant failed to particularize the data to be seized from the phone. Instead, it authorized a search of the entire phone without limitation. In addition, the State Warrant did not contain any temporal limitations or a search protocol.

exception does not apply. However, the Court finds that the independent source doctrine applies to the subsequent federal search warrant and that some of the evidence was otherwise obtained from independent sources. Therefore, the Report is not adopted in full.

"The independent source doctrine allows admission of evidence that has been discovered by means wholly independent of any constitutional violation." *Nix v. Williams*, 467 U.S. 431, 443 (1984). The doctrine balances "the interest of society in deterring unlawful police conduct and the public interest in having juries receive all probative evidence of a crime . . . by putting the police in the same, not a worse, position than they would have been in if no police error or misconduct occurred. When the challenged evidence has an independent source, exclusion of such evidence would put the police in a worse position than they would have been in absent any error or violation." *Id.*

The Eleventh Circuit applies a two-part test to determine "whether an independent source exists to support a search warrant." *United States v. Maxi*, 886 F.3d 1318, 1329 (11th Cir. 2018).

> First, we excise from the search warrant affidavit any information gained during the arguable illegal initial search and determine whether the remaining information is enough to support a probable cause finding. Second, if the remaining information establishes probable cause, we determine whether the officer's decision to seek the warrant was prompted by what he had seen during the arguably illegal search. If the officer would have sought the warrant even without the preceding illegal search, the evidence seized under the warrant is admissible.

*Id.* at 1329-1330 (quoting *United States v. Bush*, 727 F.3d 1308, 1316 (11th Cir. 2013).

Here, on November 21, 2023, after the Defendant filed the Motion to Suppress, law enforcement obtained a federal warrant authorizing a search of the Defendant's phone. In her Report, the Magistrate Judge found that, after excising any information gained from the initial search of the Defendant's phone, it was still supported by probable cause. The Court agrees with this finding. However, the Magistrate Judge further found that FBI Special Agent Joseph Lavelle's

decision to seek the federal warrant was prompted by what he had seen during the improper search and that, therefore, the independent source doctrine did not apply. The Court disagrees.

During the hearing before the Magistrate Judge, Agent Lavelle testified that the basis for the federal search warrant was other communications that Defendant had with co-conspirators from other devices already in the FBI's possession and social media posts. In addition, Agent Lavelle stated that, based on his already active investigation into the Little Haiti Vultures gang, he would have applied for a warrant to search the Defendant's phone if the City of Miami had not obtained a warrant. While the Report focuses on Agent Lavelle's statement during cross examination that "a reason" for getting the federal search warrant was because of the motion to suppress, [ECF No. p. 152], that motivation is not dispositive. The record is clear that law enforcement had probable cause to obtain the federal search warrant without the information obtained through the state authorized examination of the Defendant's phone. To suppress this evidence because of the defective state search warrant would put the government in a "worse" position than it would have been had no error occurred—an overly restrictive result contrary to the spirit and purpose of the doctrine. *See Nix*, 467 U.S. at 443. Accordingly, the Court finds that the independent source doctrine applies, and the Motion to Suppress must be denied.

Even if the independent source doctrine did not apply to the federal search warrant, the Court finds that much of the evidence obtained from the Defendant's phone is otherwise admissible because it was independently obtained from other sources. As documented in its supplemental memorandum, [ECF No. 281], the government obtained a group chat from the phone of co-conspirator Jovis St Luc and a photo and video from Instagram supporting the conspiracy count against the Defendant.[3] Therefore, that evidence is also admissible for that reason.

---

[3] The government notes in its supplemental memorandum that photographs of PII (the basis for Counts 37–40) were solely obtained from the Defendant's phone, and not from any other sources. [ECF No. 281 ¶ 5]

Based on the foregoing it is

**ORDERED AND ADJUDGED** as follows:

(1)     The Report and Recommendation [ECF No. 158] is **ADOPTED in PART**;

(2)     The Defendant's Motion to Suppress, [ECF No. 157], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of November, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE